IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:15CR37

DEONTAE J. HARGRAVE

MEMORANDUM OPINION

Deontae J. Hargrave, a federal inmate proceeding pro se, has
filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF
No. 161).  Hargrave raises the following claims for relief:

> Claim One:    The Court lacked subject matter jurisdiction
>               over Hargrave's crime of robbing a 7-Eleven
>               store.  (Id. at 5.)[1]
>
> Claim Two:    (a) Hargrave was denied the effective
>               assistance of counsel by counsel's failure to
>               investigate Hargrave's diminished mental
>               capacity.  (Id. at 6.)
>               (b) Counsel improperly forced Hargrave to
>               plead guilty. (ECF No. 161-1, at 2-3.)
>
> Claim Three:  Hargrave's sentence is unconstitutional. (ECF
>               No. 161, at 8.)

For the reasons set forth below, Hargrave's § 2255 Motion
(ECF No. 161) will be denied.

---

[1] The Court uses the pagination assigned to Hargrave's
submissions by the CM/ECF docketing system.  The Court corrects
the spelling, punctuation, and spacing in quotations from
Hargrave's submissions.

## I.  PROCEDURAL HISTORY

Hargrave was charged in a three-count indictment with:  the Hobbs Act robbery of a 7-Eleven convenience store (Count One); using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence (Count Two); and possession of ammunition by a convicted felon (Count Three.)  (ECF No. 1, at 1-3.)  On May 22, 2015, Hargrave entered into a plea agreement and agreed to plead guilty to Counts One and Two.  (ECF No. 14, at 1.)

On March 16, 2016, the Court sentenced Hargrave to fifty-seven months of imprisonment on Count One to be followed by a sentence of one-hundred eighty months on Count Two.  (ECF No. 50.) Hargrave appealed.

On March 13, 2020, the United States Court of Appeals for the Fourth Circuit vacated Hargrave's sentence on Count Two.[2]  (ECF No. 88, at 4-5.)  The Fourth Circuit observed that this Court

> did not specify whether the sentence was intended as an upward departure or as a variance and the Statement of Reasons indicated that the court imposed the mandatory minimum sentence and did not impose a sentence outside of the Guidelines range.  For these reasons, we conclude that the district court failed to adequately explain the sentence on Count 2 and that the sentence on Count 2 is unreasonable.

(Id. at 4.)

_____

[2] On appeal, the Government failed to timely invoke appellate waiver provision in Hargrave's Plea Agreement.  (ECF No. 88, at 2 n.2.)

2

On remand, on November 19, 2020, the Court granted the Government's motion for a variance and sentenced Hargrave to a term of one-hundred and eighty months of imprisonment on Count Two. (ECF Nos. 121, at 2; ECF No. 122.) Hargrave appealed. (ECF No. 142.) The Fourth Circuit dismissed the appeal because "Hargrave knowingly and voluntarily waived his right to appeal and that the issue Hargrave seeks to raise on appeal falls squarely within the scope of his waiver of appellate rights." (Id. at 1.)

## II. SUBJECT MATTER JURISDICTION

In Claim One, Hargrave contends that this Court lacked subject matter jurisdiction over his offense because the 7-Eleven "store is not on federal ground, labor[ed] by federal employees nor federally insured." (ECF No. 161, at 5.) Hargrave is wrong. The Fourth Circuit has stated:

> The Hobbs Act prohibits robbery or extortion that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). Thus, the two elements of a Hobbs Act crime are: (1) robbery or extortion, and (2) interference with commerce. Stirone v. United States, 361 U.S. 212, 218, 80 S. Ct. 270, 4 L. Ed.2d 252 (1960). And because "Congress exercised the full extent of [its] authority . . . to punish interference with interstate commerce," we have held that the Hobbs Act's jurisdictional predicate is satisfied where the instant offense has a "minimal effect" on interstate commerce. United States v. Williams, 342 F.3d 350, 354 (4th Cir. 2003) (citing United States v. Spagnolo, 546 F.2d 1117, 1119 (4th Cir. 1976)).

3

United States v. Tillery, 702 F.3d 170, 173-74 (4th Cir. 2012). Hargrave acknowledged that his offense of robbing the 7-Eleven impacted interstate commerce. (ECF No. 15 ¶ 5.) Accordingly, Claim One lacks merit and will be dismissed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed

deficiently if the claim is readily dismissed for lack of prejudice.  Id. at 697.

Hargrave faults counsel for failing to investigate Hargrave's diminished capacity.  Hargrave, however, fails to specify what facts should have alerted counsel that he had a diminished mental capacity.  Sanders v. United States, 373 U.S. 1, 19 (1963) (observing that § 2255 claim that stated "only bald legal conclusions with no supporting factual allegations" was subject to summary dismissal).  Moreover, the most recent psychiatric notation in Hargrave's Presentence Report states "'zero psych issues, depression, hallucinations and no suicidal/homicidal ideation.'"  (ECF No. 20 ¶ 65.)[3]  Given the information available to counsel, Hargrave fails to demonstrate that she performed in a constitutionally deficient manner by failing to pursue an investigation into Hargrave's alleged diminished capacity.  Strickland, 466 U.S. at 691 (emphasizing that in assessing counsel's investigation the courts must apply "a heavy measure of deference to counsel's judgments").  Furthermore, Hargrave fails to adduce any facts that suggest an investigation into his alleged diminished capacity would have altered either his plea or sentence.

---

[3] Counsel was well aware that Hargrave suffered from bipolar disorder.  (ECF No. 68, at 3.)

Accordingly, Claim Two (a) will be dismissed because Hargrave fails to demonstrate deficiency or prejudice.

In Claim Two (b), Hargrave asserts that his attorney, Nia Vidal, forced him to plead guilty and he did not want to plead guilty. This claim is foreclosed by Hargrave's sworn statements during his guilty plea. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (observing that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). No extraordinary circumstances exist, which would allow the Court to question the veracity of Hargrave's prior sworn statements. Hargrave swore that he was pleading guilty because he was in fact guilty of the offenses described in Counts One and Two. (ECF No. 68, at 7.) Specifically, Hargrave acknowledged he went into a 7-Eleven convenience store in Petersburg, Virginia and at gunpoint, robbed the establishment . . . [and] discharged a firearm . . . ." (Id. at 10-11.) Further, Hargrave assured the Court that the decision to plead guilty was his choice rather than the product of coercion from counsel. (Id. at 7.) Hargrave fails to demonstrate

deficiency or prejudice. Accordingly, Claim Two (b) will be dismissed.

### IV.   ALLEGED UNCONSTITUTIONAL SENTENCE

In Claim Three, Hargrave contends that his variance sentence for Count Two is unconstitutional. Hargrave fails to direct the Court to anything that would suggest his sentence is unconstitutional. At most, he argues that the sentence is procedurally and substantively unreasonable. (ECF No. 161-1, at 5.) "The language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Hargrave fails to demonstrate that the Court erred in imposing a variance sentence, much less that any error amounted to a fundamental defect. See Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir. 2011). Accordingly, Claim Three will be dismissed.

7

## V.   CONCLUSION

Hargrave filed a MOTION FOR PRODUCTION OF TRANSCRIPTS (ECF No. 179).  This Motion (ECF No. 179) will be denied for the reasons set forth in the Memorandum Order entered on February 22, 2022. (ECF No. 155.)

On February 27, 2023, Hargrave filed a MOTION To Comply.  (ECF No. 180.)  Subsequently, Hargrave moved to withdraw his MOTION To Comply.  (ECF No. 182.)  Accordingly, these motions (ECF Nos. 180, 182) will be denied.

Hargrave's claims will be dismissed.  The § 2255 Motion (ECF No. 161) will be denied.  The action will be dismissed.  A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Hargrave and counsel for the Government.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 4, 2023

8