IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:15CR37
                                            Civil Action No.
DEONTAE J. HARGRAVE

**MEMORANDUM OPINION**

Deontae J. Hargrave, a federal inmate proceeding pro se, has filed a RULE 60(b)(6) MOTION ("Rule 60(b) Motion," ECF No. 201). For the reasons set forth below, the Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

By Memorandum Opinion and Order entered on October 5, 2023, the Court denied a 28 U.S.C. § 2255 motion by Hargrave challenging his convictions in this Court. See United States v. Hargrave, No. 3:15CR37, 2023 WL 6518083, at *1 (E.D. Va. Oct. 5, 2023), appeal dismissed, No. 23-7233, 2024 WL 5199606 (4th Cir. Dec. 23, 2024).

The United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

Additionally, the Fourth Circuit has provided the following guidance in distinguishing a proper Rule 60(b) motion from an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id. at 207 (internal citation omitted).

The Rule 60(b)(6) Motion does not raise procedural defects in this Court's § 2255 review process. Rather, he again challenges his underlying sentence. Therefore, the Rule 60(b)(6) Motion must be treated as a successive § 2255 motion. See id.

The Clerk will be directed to assign a civil action number to the Rule 60(b) Motion. Because the Fourth Circuit did not grant Hargrave permission to file a successive § 2255 motion, the Rule 60(b) Motion (ECF No. 201) will be dismissed without prejudice for want of jurisdiction. Hargrave's WRIT OF MANDAMUS (ECF No. 216) demanding resolution of his Rule 60(b) Motion (ECF No. 216) will be denied as moot. A certificate of appealablity will be denied.

2

The Clerk is directed to send a copy of the Memorandum Opinion to Hargrave and counsel for the Government.

It is so ORDERED.

_____ /s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 15, 2025