IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

                                   Criminal No.    3:15CR37

v.                              Civil No.      _____

DEONTAE J. HARGRAVE,

    Petitioner.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on October 5, 2023, the Court denied a Motion to Vacate under 28 U.S.C. § 2255 filed by Deontae J. Hargrave.   (ECF Nos. 187, 188.) The matter is now before the Court on Hargrave's MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(B)(6) (ALTERNATIVELY 60(B)(4)) ("Rule 60(b)(6) Motion," ECF No. 236).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003) (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)).

Additionally, the Fourth Circuit has provided the following guidance in distinguishing a proper Rule 60(b) motion from an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

<u>Id.</u> at 207 (internal citation omitted).

Hargrave does not raise procedural defects in this Court's § 2255 review process in his Rule 60(b)(6) Motion. Rather, he continues to challenge his underlying sentence. Hargrave's Rule 60(b)(6) Motion must, therefore, be treated as a successive § 2255

2

motion. See id. The Clerk will be directed to assign a civil action number to the Rule 60(b)(6) Motion. Because the Fourth Circuit did not grant Hargrave permission to file a successive § 2255 motion, the Rule 60(b)(6) Motion (ECF No. 236) will be dismissed for want of jurisdiction. A certificate of appealablity will be denied.

On July 24, 2026, Hargrave filed a WRIT OF MANDAMUS ("Mandamus Petition," ECF No. 239) seeking a ruling on his Rule 60(b)(6) Motion. The Mandamus Petition will be denied as moot.

The Clerk is directed to send a copy of this Memorandum Opinion to Hargrave and counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: August 2, 2026
Richmond, Virginia